[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On April 11, 1997, the plaintiffs, Edward Cordano, Jr. and Joann Cordano, filed an amended complaint for declaratory judgment against the defendant, the City of Torrington. The plaintiffs claim that on September 27, 1995 the defendant attempted to correct an alleged clerical omission or mistake on the October 1, 1993 grand list and attempted to add real property owned by the plaintiffs to the 1993 grand list. According to the plaintiffs' complaint, the record owner of the property as of October 1, 1993 was A.T. Properties. However, the complaint alleges that despite protestations to the City of Torrington, between February 1996 and September 1996 the plaintiffs received monthly statements of delinquency for the October 1, 1993 tax assessment. Also, the plaintiffs claim that the defendant improperly applied the plaintiffs' payment of real estate taxes due for the October 1, 1995 grand list to taxes allegedly owed on the October 1, 1993 grand list.
On June 20, 1997, the defendant filed an answer to the CT Page 11246 amended complaint. In the answer, the defendant admitted that A.T. Properties was the record owner of the property as of October 1, 1993 but denied that the payment of taxes due for the October 1995 grand list was improperly applied to taxes allegedly owed on the October 1, 1993 grand list.
On October 2, 1997, the plaintiffs filed a motion for summary judgment on the ground that no genuine issue of material fact exists. Pursuant to Practice Book § 380, the plaintiffs filed a memorandum of law in support of their motion and attached their sworn affidavit along with copies of the tax assessment correction card, statements of delinquency, and notices of tax payments for July 1996 and January 1997. On October 16, 1997, the defendant filed a memorandum of law in opposition to the plaintiffs' motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result or the case. Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
In support of their motion for summary judgment, the plaintiffs claim that the defendant should have filed a continuation certificate, in accordance with General Statutes § 12-175, because the tax lien for the October 1, 1993 assessment expired on June 30, 1995. Also, the plaintiffs claim that the defendant cannot apply tax payments retroactively, under § 12-144b, because the real estate taxes for the property are tendered by a third party pursuant to a contract. Finally, the plaintiffs claim that General Statutes § 12-60 does not help the defendant in this case because § 12-60 only provides for the correction of clerical omissions or mistakes, not corrections of substance. CT Page 11247
The City of Torrington claims that the court should not grant the plaintiff's motion for summary judgment because § 12-60
allows the defendant to correct the clerical omission of the property from the October 1, 1993 grand list. Furthermore, the defendant claims that § 12-60 provides the proper appeal process for anyone aggrieved by such a correction.
"Clerical errors are of a character different from errors of substance, of judgment, or of law. Where an error is of a deliberate nature such that the party making it at the time actually intended the result that occurred, it cannot be said to be clerical." (Citations omitted; internal quotation marks omitted). National CSS, Inc. v. Stamford, 195 Conn. 587, 596,489 A.2d 1034 (1985).
The plaintiff in this case has not presented evidence that the correction was of a substantive error rather than a clerical omission. Instead, the plaintiff has presented a copy of the assessment correction card which states that the correction was of a clerical omission or mistake pursuant to § 12-60. Remarkably, the defendant has failed to present evidence, beyond the pleadings, that the correction was of a clerical omission or mistake. However, the movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. NewBritain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996). Moreover, there exists a genuine issue as to a material fact in this case because a trier of fact could characterize the correction made to the grand list as either a substantive correction or a correction of a clerical omission. Accordingly, the plaintiffs' motion for summary judgment is denied.
HON. WALTER M. PICKETT, JR. State Judge Referee